Pearson, J.
 

 Before the Act of 1852, (Rev. Code ch. 11, sec. 12,) the execution of a devise, as distinguished from a will of personalty, ivas required to be proven by “ the oath of witnesses” in the Court of Pleas and Quarter Sessions of the
 
 *361
 
 county where the land is situate.
 
 Drake
 
 v. Merrill, 2 Jones’ R. 368;
 
 Ward
 
 v. Hearne, ante, 326 (at this term.) That Act changed the law and makes an exception to the general rule in certain cases. Under an old statute, 1715, tire jurisdiction of the Ecclesiastical Court in England, in regard to the probate of wills of personalty, granting letters of administration and letters testamentary, &c., is given to the Governor and Council, &c., and the
 
 original wilds
 
 are directed to be filed in the office of the Secretary, which was the same as the present Secretary of State. This law, and the practice under it, of filing original wills in the office of the Secretary, continued until the year 1777, when the jurisdiction was transferred to the Court of Pleas and Quarter Sessions of the several counties, and it is provided,
 
 “
 
 all original wills shall remain in the clerk’s office among the records of the Court,” &c* Rev. Code ch. 119, sec 19. None of the old wills found in the archives of the office of the Secretary of State, and filed therein between the years 1715 and 1777, were proven in the manner required, so as to make them valid as “ devises of real estate,” or at least there remained no direct and sufficient evidence of the fact of their having been so proven ; for, as we have seen, the Act of 1715, only provided a mode of proving them as wills of personalty, and it was the object of the Act of 1852, to make the fact of a will being found filed in the archives of the office of the Secretary of State, or recorded there, sufficient evidence of its execution as a “ devise of real estate,” and also to make a copy, certified by the Secretary, competent evidence of the devise. It is clear that the Legislature had power to make such a provision; and, from the general words used, we are led to the conclusion, that the proper construction embraces all papers purporting to be wills of real estate, and appearing upon their faces to have been executed with the solemnities required by law, and which were filed in the Secretary’s office during the time it was the proper place of deposit, that is, from 1715 to 1777. The words of the Act are broad enough to take in a will filed in the office of the Secretary of State since 1777; but a proper con
 
 *362
 
 struction requires a restriction to wills filed before that time; because, after that, a different place of deposit was fixed by law, and there was no authority for filing them with the Secretary, and a broad construction would reach beyond the mischief intended to be remedied. So, the words are broad enough to take in a will, although it appears on its face not to have been executed with the solemnity required by law, as if there be only one attesting witness; but a proper construction, we think requires a restriction to such wills as apparently were properly executed to pass real estate.
 

 It is insisted that there should be a further restriction so as to confine the act to wills that .were proven before the Governor and council, under the act of 1715. We,can see no sufficient reason for adopting this construction. 1st. There is no such restriction in the words of the act, and if such had been the intention, it is reasonable to expect that express words would have been used. 2nd. The act of 1715 authorised the probate of the instrument, only as a will in respect to personalty. The probate, therefore, had no tendency to establish the fact that it was executed in a manner sufficient to pass real estate; so in, regard to the validity of the instrument as a devise, it was wholly immaterial whether it had been proven sis a will of personalty or not; and the purpose is obviously more effectually answered by the restriction made above to wills, which on their faces appear to have been properly executed to pass real estate. 3rd. The mischief intended to be remedied extends to all old wills found in the Secretary’s office, without regard to the fact whether they had been proven as wills of personalty or not.
 

 In this case the will purports to have been executed on the 29th of June, 1741, in the presence of three attesting witnesses, and was filed in the office of the Secretary of State. We are of opinion that the act of 1852 makes this sufficient evidence of its execution, and allows a certified copy to be read.
 

 Pee Curiaíí.
 

 There is error.
 
 Venire de novo.